UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| JDS BUILDERS GROUP, INC., Plaintiff, v. SCOTTSDALE INSURANCE COMPANY, Defendant. | Case No. 15-cv-00297-VC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 25 |
|---|---|

**1.** The motion to dismiss the bad faith claim for failure to settle is granted. "When, as here, the insurer is providing a defense but merely refuses to settle, the insured has no immediate remedy. A cause of action for bad faith refusal to settle arises only after a judgment has been rendered in excess of the policy limits." *Safeco Ins. Co. v. Superior Court*, 84 Cal. Rptr. 2d 43, 46 (Ct. App. 1999). "If the insurer declines to settle and decides to go to trial and then obtains a judgment below the settlement offer or obtains a complete defense verdict, then the insured would have no cause to complain, and the insurer would have no liability. Until judgment is actually entered, the mere possibility or probability of an excess judgment does not render the refusal to settle actionable." *Id.* For this reason, JDS's claim for failure to settle is dismissed without prejudice to suing on that claim after a judgment has been rendered in the underlying lawsuit.

At the hearing on the motion to dismiss, JDS requested leave to amend its complaint to replead this claim on a theory that Scottsdale improperly refused to settle unless JDS agreed to contribute its own money to any settlement. Counsel for JDS asserted that, unlike the bad faith claim in the operative complaint, a claim on this new theory could arise before a judgment has been rendered in the underlying suit. Although this seems questionable, the Ninth Circuit has emphasized that Rule 15's policy of freely granting leave to amend "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Accordingly, JDS's request for leave to amend this claim is granted. The amended complaint must be filed within 21 days of the date of this order.

**2.**  The motion to dismiss the claim that Scottsdale breached its duty to defend JDS's surety, Travelers Casualty and Surety Company of America, is granted.  The "Supplementary Payments" provision in the insurance contract provides that Scottsdale will defend an insured's indemnitee where the suit against the indemnitee "seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an 'insured contract.'"  RJN, Ex. A, p. 28.[1]  "Insured contract" is defined in relevant part as a contract under which the insured "assume[s] the tort liability of another party."  In turn, "tort liability" is defined as "a liability that would be imposed by law in the absence of any contract or agreement."  *Id.* at 33.

By this definition, the indemnification agreement between JDS and Travelers is not an "insured contract."  Under the indemnification agreement, JDS agreed to indemnify Travelers for any loss Travelers incurred in connection with the bond.  FAC, Ex. A.  JDS argues that this constitutes an assumption by JDS of Travelers' tort liability.  But as the California Supreme Court explained in *Cates Constr., Inc. v. Talbot Partners*, 980 P.2d 407 (Cal. 1999):

> A surety is one who promises to answer for the debt, default, or miscarriage of another, or hypothecates property as security therefor.  A surety bond is a written instrument executed by the principal and surety in which the surety agrees to answer for the debt, default, or miscarriage of the principal.  In suretyship, the risk of loss remains with the principal, while the surety merely lends its credit so as to guarantee payment or performance in the event that the principal defaults.  In the absence of default, the surety has no obligation.

*Id.* at 412 (citations and internal quotation marks omitted).  Because Travelers' obligation is limited to answering for JDS's conduct, JDS's agreement to indemnify Travelers for losses Travelers suffered in connection with the bond cannot be considered an assumption of "the tort liability of *another party*."  *See Giddings*, 169 Cal. Rptr. at 280–81 ("In construing the language of an insurance policy, a court should give the words used their plain and ordinary meaning, unless the policy clearly indicates to the contrary.  When the language is clear, a court should not give it a strained construction to impose on the insurer a liability which it has not assumed." (citation

---

[1] The Court grants the defendant's request for judicial notice of the underlying insurance contract. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ("In ruling on a 12(b)(6) motion, . . . a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned.").

omitted)). And even if Travelers' obligations in connection with the bond were properly considered liability of "another party" (that is, a party other than JDS), any such obligations would be liability imposed on Travelers purely because of, rather than in the absence of, Travelers' contract with JDS, which means it is not "a liability that would be imposed by law in the absence of any contract or agreement."

Accordingly, JDS's claim for breach of the duty to defend fails as a matter of law. And because any amendment would be futile, this claim is dismissed with prejudice. *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

**IT IS SO ORDERED.**

Dated: June 15, 2015

_____
VINCE CHHABRIA
United States District Judge